The plaintiff appeals from an order of a District Court judge denying her request to extend an ex parte harassment prevention order she obtained against the defendant pursuant to G. L. c. 258E.[2] The parties are neighbors. According to the complaint, their dispute began after the plaintiff telephoned the police to report that the defendant's vehicle was parked on her street in the wrong direction, resulting in his receiving a fifteen-dollar parking ticket. The defendant then allegedly committed numerous retaliatory acts, which are the basis of the plaintiff's complaint.
After a hearing, but without making written findings, the judge determined that the plaintiff failed to prove that the defendant engaged in legal "harassment"-defined in relevant part as "[three] or more acts of willful and malicious conduct aimed at a specific person committed with the intent to cause fear, intimidation, abuse or damage to property and that does in fact cause fear, intimidation, abuse or damage to property." G. L. c. 258E, § 1, inserted by St. 2010, c. 23. On appeal the plaintiff argues that, contrary to the judge's ruling, the defendant committed six qualifying acts: (1) he threatened the plaintiff after receiving the parking ticket, stating that he would "get even" and that his bipolar grandson would be "triggered"; (2) he placed spotlights on his property, facing towards the plaintiff's home; (3) he threw trash on her property; (4) he stored junk along the fence line, breaking the plaintiff's fence; (5) he applied to the city traffic commission for a handicapped parking space, specifically asking that it be located outside the plaintiff's home; and (6) he telephoned the police immediately after the handicapped parking sign was installed, causing the plaintiff's vehicle to be ticketed and towed.
The judge did not err in finding that the plaintiff failed to prove by a preponderance of the evidence that these alleged acts constituted harassment under c. 258E. See C.E.R. v. P.C., 91 Mass. App. Ct. 124, 126 (2017) (at hearing to extend harassment prevention order, plaintiff bears burden of proof by preponderance of evidence). The plaintiff presented no evidence regarding three of the acts-the defendant's alleged aiming of spotlights towards the plaintiff's home, throwing trash on her property, and storing junk along the fence line-other than the bare assertions in her initial affidavit that the defendant committed them. The judge was not required to credit her assertions, which do not prove in any event that the defendant acted wilfully and maliciously and with the intent to cause fear, intimidation, abuse, or damage to property. See ibr.US_Case_Law.Schema.Case_Body:v1">id. at 126-127 (property damage caused by dog did not constitute act of harassment where "there was no evidence that the defendants were motivated to keep the dog [or to allow it to do damage] by cruelty, hostility, or revenge targeting the plaintiff"); ibr.US_Case_Law.Schema.Case_Body:v1">id. at 128 (playing of loud music and use of strobe lights did not constitute acts of harassment where there was no evidence that defendants engaged in that conduct with intent required under c. 258E).[3]
Regarding the defendant's applying for a handicapped parking space, the plaintiff suggests that the requisite intent can be inferred by the fact that the defendant lied on his application. The plaintiff fails to articulate how exactly the defendant lied, but we presume she is referring to his alleged failure to disclose that he had off-street parking available on his property. But because the plaintiff did not offer the defendant's application in evidence, the record does not reflect what he did or did not disclose. There was also no evidence presented about the parking needs of his household or the number of spaces available on his property. Moreover, although the plaintiff complains that the defendant asked for the handicapped space to be located forty to sixty feet away from his home and directly in front of her home, the traffic commission's minutes reflect that the location of the space was determined, at least in part, on the fact that "there is a guardrail present" in front of the defendant's home "and also no parking allowed on that side of the street." Thus, again, the judge could take the view that the plaintiff failed to prove the defendant's conduct to be wilful and malicious and that it was committed with the intent to cause fear, intimidation, abuse, or damage to property. See Gassman v. Reason, 90 Mass. App. Ct. 1, 9 (2016) ; C.E.R., 91 Mass. App. Ct. at 127-129.
To conclude, even assuming that the remaining two acts qualify as harassment, and accepting the plaintiff's testimony that the harassment "makes [her] afraid to be in [her] yard or at [her] house," the plaintiff failed to establish, by a preponderance of the evidence, that the defendant committed at least three wilful and malicious acts with the intent required by the statute.[4] The judge therefore did not err in declining to extend the ex parte order. See Gassman, 90 Mass. App. Ct. at 9 ; C.E.R., 91 Mass. App. Ct. at 131-132.
Order dated December 9, 2016, affirmed.

The defendant has not filed a brief on appeal.

By the same token, to the extent the plaintiff claims that the defendant committed another qualifying act by backing his vehicle into hers, that argument fails because the record establishes that it was the defendant's wife who was driving at the time. Cf. C.E.R., 91 Mass. App. Ct. at 131 ("The statute neither states nor implies that different acts by different defendants may be aggregated in order to reach the three-act threshold"). There is no evidence that the defendant was even present during that incident.

The judge appeared to credit the plaintiff's testimony that she was subjectively afraid but stated at the hearing that he did not find her fear to be "reasonable." The latter ruling was error, as a plaintiff in a c. 258E proceeding "need only show that she subjectively experienced fear, intimidation, or abuse, without having to satisfy any reasonable person test." C.E.R., 91 Mass. App. Ct. at 126. The judge was also mistaken in his apparent belief that he had no power to prevent the defendant from using the handicapped parking space because the defendant was "entitled" to park there. That entitlement was not unfettered; had the plaintiff proven that the defendant was harassing her, the judge could have prohibited the defendant from using the space as part of a stay-away order. In the end, neither of these errors affects our decision.